UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMARK K. WILLIAMS,

               Plaintiff,

-against-

PETER E. BRILL, ESQ.; DAVID GRAY, ESQ.,

               Defendants.

22-CV-7619 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action against two attorneys who represented him in *Williams v. Vaccaro*, No. 19-CV-03548 (CM) (SDA) (S.D.N.Y.), which began in 2019 and remains ongoing against some defendants. Plaintiff invokes the Court's federal question jurisdiction, and asserts claims for legal malpractice and negligence. Plaintiff also seeks to prosecute federal criminal charges against defendants under 18 U.S.C. § 242.

    By order dated September 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, to waive the filing fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this malpractice suit against his former lawyers, arising out of a lawsuit that began in 2019. The following allegations are from Plaintiff Shamark Williams's complaint. On April 4, 2019, Plaintiff retained Peter Brill and David Gray of the Brill Legal Group, P.C., to represent him in suing Police Officer Michael Vaccaro and others. (ECF 2 at 8.) In the 2019 lawsuit, Plaintiff asserted claims arising from his arrest on January 12, 2018. (*Id.*) Mediation of

that action was unsuccessful. (ECF 20.) On November 10, 2019, attorneys Brill and Gray moved to withdraw as counsel, and the Court granted that motion, leaving Plaintiff to prosecute the matter *pro se*. *See Id.*; *see also Williams*, ECF 1:19-CV-03548, 24. On December 10, 2019, the City of New York filed its answer to the complaint, noting that Defendant Vaccaro "had not yet been served with the process." (ECF 2 at 8.)

Later, questions arose in that suit about whether Defendant Vaccaro had ever been served with process. Plaintiff's counsel, Gray, filed a letter stating that on August 22, 2019, he had served the summons and complaint for Defendant Vaccaro at One Police Plaza. (*Id.* at 6.) However, "NYPD Headquarters and One Police Plaza stated that had no records of attorney David Gray or Peter Brill serving Officer Vaccaro the summons." (*Id.* at 6.) Moreover, the New York City Law Department argued in that case that service on Vaccaro was required to have been made in the 33rd Precinct. (*Id.* at 8.) The Magistrate Judge eventually recommended that, even though Plaintiff's claims against Vaccaro would be time-barred if Plaintiff had to refile them, the claims against Vaccaro should be dismissed for the failure to effect service on him. District Judge Colleen McMahon adopted the Magistrate Judge's recommendation, writing that Plaintiff "may well have a timely claim against his former lawyers for malpractice, assuming he sues them in the New York State Supreme Court, since [malpractice] is a state law claim in which diversity [jurisdiction] is lacking. . . ." *Williams*, 1:19-CV-03548 (ECF 62 at 2).

Plaintiff names his former lawyers (Brill and Gray) and asserts claims for "malpractice, legal malpractice, negligence, professional negligence, discrimination." (*Id.* at 7.) He seeks $10 million in damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

3

only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, the only federal statute that Plaintiff invokes is a federal criminal statute, 18 U.S.C. § 242. Plaintiff cannot initiate the criminal prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*,

454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff thus cannot invoke the Court's federal question jurisdiction because no claim will lie in a civil action under a federal criminal statute.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that all parties live in and are citizens of New York (ECF 2 at 3-4), and thus there is no complete diversity of citizenship. Accordingly, the federal courts lack subject matter of Plaintiff's suit.

As District Judge McMahon previously notified Plaintiff, because the federal court lacks diversity jurisdiction of Plaintiff's claims against his attorneys as all parties are citizens of New York, if he wishes to pursue his legal malpractice and other state law claims against them, he must do so in the state court. *See Williams*, 1:19-CV-03548 (ECF 62 at 2).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:  September 26, 2022
        New York, New York

                                                  /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                            Chief United States District Judge